UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CASE NO:

ANGELICA HUERTA,

    Plaintiff,

vs.

HMT, LLC,                          **JURY TRIAL DEMANDED**

    Defendant.

_____/

## ORIGINAL COMPLAINT

Plaintiff, ANGELICA HUERTA, by and through the undersigned counsel, hereby files this Complaint against Defendant, HMT, LLC ("HMT"), and states the following:

### I. JURISDICTION AND VENUE

1. This action is brought under Title 42 of the United States Code, Section 2000e, et seq. (known as Title VII of the Civil Rights Act of 1964, as amended, or "Title VII").

2. Plaintiff files this action because of employment discrimination on the basis of sex.

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this Court under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

5. Venue is further proper in this Court under 42 U.S.C. § 2000e-5(f)(3) as a Title VII action may be brought in any judicial district in the State in which the unlawful employment practice occurred.

### II. PARTIES

6. Plaintiff, Angelica Huerta, is a female, formerly employed by Defendant, HMT.

7. Defendant, HMT, is in the business of full-service tank support, and has its corporate headquarters in The Woodlands, Texas.

8. Plaintiff was hired by Defendant in Texas and worked primarily in Texas.

9. Defendant has over 1,000 employees with locations nationwide and globally.

### III. PROCEDURAL REQUISITES

10. All conditions precedent to the filing of this action have been satisfied, including the initial filing of charges with the Equal Employment Opportunity Commission ("EEOC") and the receipt from the EEOC of the Right to Sue letter dated June 9, 2021.

11. The Right to Sue letter from the EEOC entitled Plaintiff to file suit on her discrimination claim based on her sex.

12. This lawsuit was timely filed within the ninety (90) days of Plaintiff's receipt of the Notice of the Right to Sue letter from the EEOC.

### IV. FACTS

13. Plaintiff is a former employee of Defendant, HMT, which is in the business of full-service tank support.

14. Plaintiff was hired as a QC (quality control) Inspector by Defendant in July 2020.

15. The position required Plaintiff to travel to different job sites as assigned.

16. At the time Plaintiff was interviewed for the position, Plaintiff was informed by Daulton Spence, who would be her (former) supervisor, that if an employee lived 75 miles from a job site, Defendant's policy, in practice, was such that the employee would be paid per diem.

17. When Plaintiff was hired, the HMT receptionist, Kaitlyn, also informed Plaintiff that Plaintiff qualified to be paid per diem.

18. Plaintiff did, in fact, receive **one** per diem reimbursement consistent with Defendant's per diem practice as described.

19. Plaintiff's male comparators likewise received per diem reimbursements consistent with Defendant's per diem practice.

20. Yet unlike her male comparators – who continued to receive per diem reimbursements – Plaintiff was denied per diem reimbursement by Defendant following the **one time** she received per diem reimbursement.

21. In its EEOC position statement, Defendant denied its own custom and practice of providing per diem reimbursement to employees who lived 75 miles from a job site.

22. To Plaintiff's detriment, Defendant treated Plaintiff in dissimilar terms than her male comparators on the basis of sex.

22. Additionally, on August 20, 2020, Plaintiff was assigned to the Explorer Pipeline job site, in Port Arthur, Texas.

23. When Plaintiff arrived at the Explorer Pipeline job site, a guard at the job site let Plaintiff in through the wrong gate.

24. As a result, an Explorer Pipeline employee, named Chris – who knew Plaintiff was an HMT employee – asked Plaintiff how she entered, and then told Plaintiff he wanted her off the site.

25. Plaintiff told the Explorer Pipeline employee, named Chris, that the guard let her in, and Chris responded by clapping his hands while saying "you cannot cannot cannot cannot cannot do that" and walked away while huffing and puffing.

26. Plaintiff's supervisor sent Plaintiff to another job site in Lake Charles, Louisiana that same day.

27. On August 25, 2020, Plaintiff's direct supervisor called Plaintiff into his office and told her that she was being terminated because of what happened between her and the Explorer Pipeline employee, named Chris.

28. When Plaintiff tried to explain what happened to her supervisor, since her supervisor's understanding was a partial one, Plaintiff was told that it did not matter what Plaintiff had to say, it mattered what the client said.

29. Defendant denied Plaintiff the chance to provide an account of what occurred on August 20, 2020.

30. The Corrective Counseling Form dated August 25, 2020, confirms that Plaintiff refused to sign the form because she could not understand why her side did not matter to Defendant.

31. However, when a **male employee** got into an argument **with the same Explorer Pipeline client during that same week** – and was likewise removed from the jobsite – the male employee was not terminated as was Plaintiff.

32. When Defendant's other similarly situated male employees did not get along with clients in the field, Defendant moved them to other job sites, whereas Plaintiff was terminated.

33. As for the purported reason for Plaintiff's termination, mainly, Plaintiff's alleged disrespect to the client, Defendant treated Plaintiff with strikingly dissimilar terms on the basis of her sex, to Plaintiff's detriment, and after denying her an opportunity to speak.

## COUNT I:
## DISCRIMINATION ON THE BASIS OF SEX UNDER TITLE VII

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Defendant, by and through its agents and employees intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII, as amended.

36. Defendant, by and through its agents, have maintained a policy of sex discrimination directed against Plaintiff, who was a female employee assigned to different job sites with Defendant's male employees.

37. Plaintiff, a female employee, was not paid in the same manner as her male comparators regarding per diem pay.

38. Plaintiff, a female employee, was terminated by Defendant based on alleged conduct that did not result in similar consequences for Defendant's male employees who likewise engaged in similar conduct.

39. If Plaintiff were not a female employee, she would not have been terminated.

## V. JURY DEMAND

40. Plaintiff demands a jury trial of all issues so triable as a matter of right.

## VI. PRAYER FOR RELIEF

41. WHEREFORE, Plaintiff respectfully demands judgment against Defendant, HMT, LLC, and requests that this Court provide the following equitable and legal remedies:

   a. Back Pay;

   b. Pre-Judgment Interest on Back Pay;

   c. Front Pay;

   d. Compensatory Damages, including, but not limited to, damages for diminished salary expectations and emotional distress;

   e. Punitive Damages;

   f. Injunctive and Affirmative Relief;

g. Attorney's Fees and Costs;

h. And all such other and further relief, at law or in equity, general or special to which Plaintiff may show she is justly entitled.

**DATED:** September 3, 2021.

Respectfully submitted,

**COANE AND ASSOCIATES, PLLC**

By: /s/ Bruce A. Coane
**Bruce A. Coane**
S.D. Tex. #7205
Email: bruce.coane@gmail.com
**Coane and Associates, PLLC**
5177 Richmond Ave., Suite 770
Houston, Texas 77056
Phone: (713) 850-0066
Fax: (866) 647-8296
***ATTORNEYS FOR PLAINTIFF***

OF COUNSEL:
Shannon Crosby
Florida Bar No. 1010207
Email: Shannon.crosby@coane.com
Coane and Associates, PLLC
1250 E. Hallandale Beach Blvd., Suite 303
Phone: (305) 538-6800
Fax: (866) 647-8296